IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSE JAMES FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:22-cv-00990 |
| v. ) | |
| ) | Judge Eli J. Richardson |
| SUMNER COUNTY TENNESSEE, ) | Magistrate Judge Barbara D. Holmes |
| JUSTON ALAN MARTIN, OWEN ) | |
| HARRINGTON, and JERRY SCOTT, ) | |
| ) | |
| Defendants. ) | |

## DENIAL OF REQUEST FOR ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Judgement by Default[1] against Defendant Juston Alan Martin. (Doc. No. 21). For the following reasons, the Motion is **DENIED** without prejudice.

Plaintiff filed this action on December 6, 2022. (Doc. No. 1). On March 23, 2023, Plaintiff returned the Summons, a Proof of Service declaration and an Affidavit of Service executed by Shawntell Oliver. (Doc. No. 18). On March 30, 2023, Defendant Martin acting *pro se* filed a letter with the Court stating that he "will be appearing in court" and requesting that he be advised about "the court date." (Doc. No. 20). The same day, Plaintiff filed the pending Motion for entry of default. (Doc. No. 21).

When evaluating whether to enter default pursuant to Federal Rule of Civil Procedure 55(a), the Clerk must ascertain not only whether a party has filed a responsive pleading or motion,

---

[1] Plaintiff's filing is styled "Motion for Judgment by Default." The Clerk construes the Motion as one for entry of default pursuant to Federal Rule of Civil Procedure 55(a) and not a motion for default judgment pursuant to Rule 55(b).

1

but also whether the defendant has taken any action to "otherwise defend." "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . .. There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted). By sending a letter to the Court advising of his intent to defend the action and requesting additional information, Defendant Martin has expressed his intent to defend this action. Accordingly, Plaintiff's Request for Entry of Default (Doc. No. 21) is **DENIED** without prejudice.

                                                  s/ Lynda M. Hill
                                                  Lynda M. Hill
                                                  Clerk of Court