IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JESSEE JAMES FLEMING )
)
v. ) Case No. 3:22-cv-00990
)
JUSTON ALAN MARTIN )

**TO: Honorable Eli J. Richardson, United States District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

This civil rights action was referred to the Magistrate Judge for customized case management. *See* Order entered December 7, 2022 (Docket Entry No. 7).

Presently pending before the Court is Plaintiffs' motion (Docket Entry No. 41) for default judgment against Defendant Juston Martin, who has had an entry of default entered against him and who has not responded to the motion.[1]

For the reasons set out below, the undersigned respectfully recommends that: (1) Plaintiff's motion be granted; (2) an award of damages in the amount of $75,000 and attorneys' fees and expenses in the amount of $4,825.72 be made in favor of Plaintiff against Martin; and, (3) a final judgment be entered in this case.

---

[1] As discussed in more detail below, Plaintiff subsequently filed proper declarations and documentation supporting his request for default judgment. (Docket Entry Nos. 47-48 and 52-54.)

## I. BACKGROUND

Jesse James Fleming ("Plaintiff") filed this lawsuit under 42 U.S.C. § 1983 based on claims that his federal constitutional rights were violated in July 2022 while he was confined as a pre-trial detainee in the Sumner County, Tennessee Jail ("Jail"). (Docket Entry No. 1). He alleges that Juston Alan Martin ("Martin"), a guard at the Jail at the time, used excessive force against him and that other Jail employees retaliated against him after the attack. (*Id.*) Attached to his complaint is a state court order of conviction, showing that Martin was found guilty of simple assault against Plaintiff in the General Sessions Court for Sumner County, Tennessee after pleading no contest to the charge. (Docket Entry No. 1-1.) As a result of pretrial proceedings, three of the four named Defendants were dismissed with prejudice, *see* Order entered March 15, 2024 (Docket Entry No. 43), leaving Martin as the sole remaining Defendant. Martin proceeds in this case *pro se*.

Shortly after Martin was served with process, he sent a handwritten, *pro se* letter to the Court requesting that he be appointed counsel. (Docket Entry No. 20.) By order entered on April 12, 2023, the Court denied this request and gave Martin a deadline to respond to the complaint, as well as information about how to proceed as a *pro se* party. (Docket Entry No. 25.) Martin's subsequent request for an extension of time to file an answer was granted, *see* Order entered May 17, 2023 (Docket Entry No. 28), but he failed to file an answer or other response and, instead, filed another handwritten, *pro se* letter, stating that he did not know how to answer the complaint. (Docket Entry No. 29.) In response to this letter and to Plaintiff's requests for the entry of default and default judgment against Martin, the Court, by order entered on October 18, 2023, provided Martin with another deadline extension to file an answer and with additional information about how to file a *pro se* answer. (Docket Entry No. 33). The Court also warned

Martin his failure to file an answer by the deadline "will lead to adverse consequences, including initiation of default proceedings against him and, ultimately, entry of default judgment against him in favor of Plaintiff." (*Id*. at 4.)

Still, Martin failed to file an answer as directed and failed to respond to Plaintiff's refiled motion for the entry of default against him. On February 15, 2024, an entry of default was entered against Martin. (Docket Entry No. 39.) Plaintiff thereafter filed the pending motion for a default judgment against Martin under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks an award of damages in the amount of $75,000, plus interest according to the law from the date of judgment until the entire amount is paid, as well as an award of attorney's fees and expenses.[2]

By order entered on March 26, 2024, Plaintiff was directed by the Court to file a supplemental memorandum of law in support of the motion, as well as sworn affidavits or declarations and any other relevant evidence that supports his requested relief and his request for an award of attorney fees and costs. (Docket Entry No. 45.) Plaintiff was also subsequently directed by the Court file a supplemental brief explaining why the Court has authority and discretion to award by default the particular amount of damages that he has requested, and he was granted leave to file an unsworn declaration in support of his motion that complies with 28 U.S.C. 1746. (Docket Entry No. 51.) Plaintiff made the supplemental filings. (Docket Entry Nos. 47-48 and 52-54.)

---

[2] Although Plaintiff initially requested a default judgment damage award of $200,000, he revised that request in his supplemental memorandum to a request of $75,000. (Docket Entry No. 48 at 5-6.)

To-date, Defendant Martin has not responded in any manner to Plaintiff's motion for default judgment. Indeed, Defendant Martin's last activity in the case was the *pro se* letter that he filed on June 21, 2023. (Docket Entry No. 29.)

## II. LEGAL STANDARDS AND ANALYSIS

### A. Default Judgment

Default judgments are governed by Federal Rule of Civil Procedure 55. "Once default is entered by the Clerk pursuant to Rule 55(a), the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Harbold v. Smash Restro & Bar, LLC*, Case No. 5:22-cv-1583, 2023 WL 4085309, at *2 (N.D. Ohio June 20, 2023) (citing *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006)).[3] The district court has discretion in deciding a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), *see Williams v. Road Scholar Staffing, Inc.*, No. 3:21-cv-00052, 2022 WL 2678727, at *2 (M.D. Tenn. July 11, 2022) (citation omitted), and parties are not automatically entitled to a default judgment. *Harbold*, 2023 WL 4085309, at *2. Rather, the district court must determine whether the factual allegations in the complaint that are deemed admitted by the entry of default and "reasonable inferences derived therefrom[] are sufficient to satisfy the elements of the plaintiffs' claims for which they seek default judgment." *Id*.; *see also Kwik-Sew Pattern Co. v. Gendron*, No. 1:08-CV-309, 2008 WL 4960159, at *1

---

[3] "A claim, to be well-pleaded, must at least satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Utility Serv. Corp. of Huntsville v. Ground Support, LLC*, No. 3:18-cv-00460, 2019 WL 4736933, *1 (M.D. Tenn. Sept. 27, 2019) (cleaned up) (quoting *Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *2 (E.D. Mich. May 14, 2009)).

(W.D. Mich. Nov. 19, 2008) (finding that a district court may not enter a default judgment upon a "legally insufficient claim").

The admission of factual allegations as to liability, however, does not resolve issues related to damages, as "the district court must undertake an inquiry to ascertain the amount of damages with reasonable certainty." *Williams*, 2022 WL 2678727, at *2 (quoting *Zinganything, LLC v. Imp. Store*, 158 F.Supp.3d 668, 670 (N.D. Ohio 2016)) (cleaned up); *see also Vesligaj v. Peterson*, 331 F.App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.").

A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Vesligaj*, 331 F.App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing"); *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009) ("[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages."). The Court must exercise "sound judicial discretion" when determining whether to enter a default judgment. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2685 (3d ed. 1988); *see also Applebaum v. Target Corp.*, No. 11-cv-15035, 2015 WL 13050014, at *1 (E.D. Mich. Sept. 10, 2015).

## B. Default Judgment against Defendant Martin

The Court has jurisdiction over this lawsuit, which raises federal civil rights claims. The Court also has personal jurisdiction over Defendant Martin, who resides and acted within Tennessee. Given the proceedings that have occurred in the case and the evidence filed by Plaintiff, there is no necessity of a hearing on the issue of default judgment.

Based on Plaintiff's well-pleaded allegations, which are deemed admitted by Martin's default, the Court finds that Defendant Martin violated Plaintiff's Fourteenth Amendment right to be free from the use of unreasonable and excessive force against him that amounts to unconstitutional punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Plaintiff's complaint is sufficient, and the merits of Plaintiff's claim against Martin are strong. Defendant Martin has been given ample opportunity to appear and to defend against the claim brought against him but he has failed to do so. Indeed, Martin failed to follow specific directives from the Court to file an answer even though he was given guidance from the Court on how to accomplish that task. No reason exists to not enter default judgment against Defendant Martin, who has essentially conceded his liability in this case.

Plaintiff has supported his motion for default judgment with both persuasive legal arguments, *see* Docket Entry Nos. 48 and 53, and evidence on the issue of damages, *see* Docket Entry Nos. 48-2 and 53-1. This evidence shows that Plaintiff suffered physical injuries caused by the wrongful conduct of Defendant Martin, as well as pain, suffering, and mental injury. For these injuries, Plaintiff is entitled to a remedy. Plaintiff's unopposed evidence on the issue of damages is specific and is sufficient to show that he is entitled to the requested award of $75,000 in damages against Defendant Martin, which the Court finds to be reasonable under the facts and circumstances of this case.

## C. Attorney's Fees

In addition to the damages award, Plaintiff seeks in his motion and the related filings an award of attorney's fees and expenses. He supports his request with billing evidence of his fees and expenses in the amount of $4,825.72. (Docket Entry No. 48-3.)[4]

As the prevailing party in this civil rights action, Plaintiff is entitled to a discretionary award of attorney's fees under 42 U.S.C. § 1988(b). *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). When reviewing requests for fees, trial courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citation omitted). The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which provides the lodestar figure. *Webb. v. Bd. of Educ. of Dyer Co., Tennessee*, 471 U.S. 234, 242 (1985) (citations omitted). In determining whether a requested hourly rate is reasonable, the court looks to the "prevailing market rate in the relevant community" and considers the skill, experience, and reputation of the attorneys involved in the litigation. *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

After determining the lodestar amount, the court may adjust the fees upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v.*

---

[4] This Court's general custom, consistent with Rule 54(d) of the Federal Rules of Civil Procedure, is to consider a potential award of attorney's fees and expenses pursuant to a post-judgment motion for such fees. In the instant case, however, it is appropriate to consider an award of attorney's fees and expenses without the necessity of a further motion given that Plaintiff specifically requested an award of attorney's fees and expenses in his pending motion and provided evidence on the issue. The Court believes that it has the discretion to consider such a request and grant it. *See e.g. Wiley v. Mitchell*, 2002 WL 34539421, at *1 & n.2 (W.D. Mo. June 5, 2002) (granting such a request and noting that although Rule 54(d)(2)(B) states that a motion for attorney's fees must be filed within 14 days after entry of judgment, this language "does not prohibit consideration" of a fee motion filed prior to judgment).

*Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471–72 (6th Cir. 1999)). Plaintiff provided satisfactory and specific evidence of his attorney's fees and expenses in this case, which the Court finds to be reasonable and sufficient for the award. *Building Service Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995); *U.S. Structures v. J.P. Structures*, 130 F.3d 1185, 1193 (6th Cir. 1997). The Court finds that no special circumstances are present that would render an award of fees unjust and that Plaintiff is entitled to an award of attorney's fees and expenses in the amount of $4,825.72.[5]

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

(1) Plaintiff's motion (Docket Entry No. 41) for default judgment against Defendant Juston Alan Martin be **GRANTED** and that default judgment be entered against Defendant Juston Alan Martin in the amount of $75,000.

(2) Plaintiff's request for attorney's fees and expenses be **GRANTED** and that Plaintiff be **AWARDED** attorney's fees and expenses against Defendant Juston Alan Martin in the amount of $4,825.72.

(3) Plaintiff be awarded post-judgment interest accruing at a rate to be computed in accordance with 28 U.S.C. § 1961.

(4) A final judgment be entered in this action in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

[5] To the extent that Plaintiff argues that the attorney's fees award should be an amount equal to one-third of the default damage award because of a contingency fee arrangement with his counsel – which is alluded to, but is not addressed directly – the Court is not persuaded that a departure from lodestar for a contingency fee award is warranted in this case.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                Respectfully submitted,

                _____
                BARBARA D. HOLMES
                United States Magistrate Judge