IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSE JAMES FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00990 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| JUSTON ALAN MARTIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 55, "R&R") of the Magistrate Judge, which recommends that the Court grant Plaintiff's motion for default judgment (Doc. No. 41, "Motion"), award Plaintiff attorneys' fees and expenses, and enter a final judgment in this case. No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety and includes it here for reference:

> Jesse James Fleming ("Plaintiff") filed this lawsuit under 42 U.S.C. § 1983 based on claims that his federal constitutional rights were violated in July 2022 while he was confined as a pre-trial detainee in the Sumner County, Tennessee Jail ("Jail"). (Docket Entry No. 1). He alleges that Juston Alan Martin ("Martin"), a guard at the Jail at the time, used excessive force against him and that other Jail

---

[1] Herein, except when quoting the Magistrate Judge (who appropriately referred to "the Court" to mean something other than the undersigned district judge), "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on January 16, 2025 and as of March 12, 2025 Plaintiff has not filed any objections.

employees retaliated against him after the attack. (*Id*.) Attached to his complaint is a state court order of conviction, showing that Martin was found guilty of simple assault against Plaintiff in the General Sessions Court for Sumner County, Tennessee after pleading no contest to the charge. (Docket Entry No. 1-1.) As a result of pretrial proceedings, three of the four named Defendants were dismissed with prejudice, *see* Order entered March 15, 2024 (Docket Entry No. 43), leaving Martin as the sole remaining Defendant. Martin proceeds in this case *pro se*.

Shortly after Martin was served with process, he sent a handwritten, *pro se* letter to the Court requesting that he be appointed counsel. (Docket Entry No. 20.) By order entered on April 12, 2023, the Court denied this request and gave Martin a deadline to respond to the complaint, as well as information about how to proceed as a *pro se* party. (Docket Entry No. 25.) Martin's subsequent request for an extension of time to file an answer was granted, *see* Order entered May 17, 2023 (Docket Entry No. 28), but he failed to file an answer or other response and, instead, filed another handwritten, *pro se* letter, stating that he did not know how to answer the complaint. (Docket Entry No. 29.) In response to this letter and to Plaintiff's requests for the entry of default and default judgment against Martin, the Court, by order entered on October 18, 2023, provided Martin with another deadline extension to file an answer and with additional information about how to file a *pro se* answer. (Docket Entry No. 33). The Court also warned Martin his failure to file an answer by the deadline "will lead to adverse consequences, including initiation of default proceedings against him and, ultimately, entry of default judgment against him in favor of Plaintiff." (*Id*. at 4.)

Still, Martin failed to file an answer as directed and failed to respond to Plaintiff's refiled motion for the entry of default against him. On February 15, 2024, an entry of default was entered against Martin. (Docket Entry No. 39.) Plaintiff thereafter filed the pending motion for a default judgment against Martin under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks an award of damages in the amount of $75,000, plus interest according to the law from the date of judgment until the entire amount is paid, as well as an award of attorney's fees and expenses.

By order entered on March 26, 2024, Plaintiff was directed by the Court to file a supplemental memorandum of law in support of the motion, as well as sworn affidavits or declarations and any other relevant evidence that supports his requested relief and his request for an award of attorney fees and costs. (Docket Entry No. 45.) Plaintiff was also subsequently directed by the Court file a supplemental brief explaining why the Court has authority and discretion to award by default the particular amount of damages that he has requested, and he was granted leave to file an unsworn declaration in support of his motion that complies with 28 U.S.C. 1746. (Docket Entry No. 51.) Plaintiff made the supplemental filings. (Docket Entry Nos. 47-48 and 52-54.). To-date, Defendant Martin has not responded in any manner to Plaintiff's motion for default judgment. Indeed, Defendant Martin's last activity in the case was the *pro se* letter that he filed on

June 21, 2023. (Docket Entry No. 29.)

(Doc. No. 55 at 2-4) (footnotes omitted). Ultimately, in the R&R, the Magistrate Judge recommended that Plaintiff's Motion be granted and that default judgment be entered against Defendant in the amount of $75,000. The Magistrate Judge also recommended that Plaintiff's request for attorneys' fees and expenses be granted (though not necessarily to the full extent requested by Plaintiff)[3] and that Plaintiff be awarded attorneys' fees and expenses against Defendant in the amount of $4,825.72.[4] The Magistrate Judge also recommended that Plaintiff be awarded post-judgment interest accruing at a rate to be computed in accordance with 28 U.S.C. § 1961 and that a final judgment be entered in this action in accordance with Rule 58 of the Federal Rules of Civil Procedure.

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court. As

---

[3] (Doc. No. 55 at 8 n.5).

[4] Regarding her recommendation essentially to include an award of attorneys' fees in the judgment itself, the Magistrate Judge explained:

> This Court's general custom, consistent with Rule 54(d) of the Federal Rules of Civil Procedure, is to consider a potential award of attorney's fees and expenses pursuant to a post-judgment motion for such fees. In the instant case, however, it is appropriate to consider an award of attorney's fees and expenses without the necessity of a further motion given that Plaintiff specifically requested an award of attorney's fees and expenses in his pending motion and provided evidence on the issue. The Court believes that it has the discretion to consider such a request and grant it. See e.g. *Wiley v. Mitchell*, 2002 WL 34539421, at *1 & n.2 (W.D. Mo. June 5, 2002) (granting such a request and noting that although Rule 54(d)(2)(B) states that a motion for attorney's fees must be filed within 14 days after entry of judgment, this language "does not prohibit consideration" of a fee motion filed prior to judgment).

(Doc. No. 55 at 7 n.4). No one objected to this approach, and the Court cannot say that it is contrary to law, and so the Court adopts it along with every other recommendation in the R&R.

noted, for pro-se litigants, like Defendant here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. But Defendant did not file any objections to the report and recommendation within even this extended window.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 60) is adopted and approved. Accordingly, Plaintiff's Motion (Doc. No. 41) is GRANTED, and a default judgment therefore will be entered (separately) in favor of Plaintiff against Defendant in the amount of $75,000, plus interest on the judgment at the legal rate until the judgment is satisfied. Plaintiff's request for attorneys' fees and expenses is granted, and Plaintiff will be awarded (via the judgment to be entered separately) attorneys' fees and expenses against Defendant in the amount of $4,825.72, plus interest on the award at the legal rate until the award has been satisfied.[5]

---

[5] The Court notes that other courts have "allowed § 1961 postjudgment interest on attorneys' fees awards to accrue when the award is included in the final merits judgment." *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992); *Raff v. Maggio*, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) ("This Court finds that plaintiff may receive interest on the attorneys' fees award where the judgment is inclusive of such an award."). While not explicitly stated in the R&R the Court interprets the Magistrate Judge's recommendation that "Plaintiff be awarded post-judgment interest at a rate to be computed in accordance with 28 U.S.C. § 1961" to apply not just to the $75,000, but also to the attorneys' fees and expenses awarded in the instant case. This is because this recommendation is independent of both the recommendation to enter default judgment against Defendant and the recommendation to award attorneys' fees and expenses against Defendant.

The claims against all of Defendant Martin's co-Defendants previously have been resolved, so nothing remains to be done in this case. Accordingly, the Clerk is DIRECTED to enter, after entering the above-referenced forthcoming default judgment, judgment pursuant to Fed. R. Civ. P. 58 and to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE